UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.  3:17-cr-00065-JD-MGG |
| | ) | |
| BRENDAN R. EILER | ) | |

PETITION TO ENTER A GUILTY PLEA

The defendant above named respectfully represents to the Court as follows:

1.     My full true name is BRENDAN R. EILER and I request that all proceedings against me be had in the name which I here declare to be my true name.

2.     I was born in the United States of America.  I graduated from high school and have the ability to read, write, and speak the English language.

3.     I am represented by counsel.  My lawyer's name is Peter L. Boyles.

4.     I have received a copy of the Indictment filed along with this petition, and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

1

5.      I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters.  My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6.      I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7.      I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

(a)      the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

(b)      the right to be released on reasonable bail until my trial occurs;

(c)      the right to see, hear and cross-examine all the witnesses against me at my trial;

(d)    the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

(e)    the right to the assistance of counsel at every stage of the proceedings, including upon appeal if need be;

(f)    the right not to testify without prejudice; and,

(g)    that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8.    I understand, also, that if I plead GUILTY, I waive the right to trial by jury and all of the other rights mentioned above.

9.    Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

(a)    I agree to plead guilty to Count 1 of the Indictment which alleges a violation of Title 18, United States Code, Section 2252(a)(2), Receipt of Child Pornography.

(b)    I admit the following facts:

> (1.)    From on or about March 30, 2016 to on or about March 30, 2017, I received images and videos depicting child pornography that I downloaded from the internet using the file sharing program "eMule."

(2.)    I admit that these images and videos were child pornography as defined by 18 U.S.C. § 2256, which defines child pornography as a depiction which "involves the use of a minor engaging in sexually explicit conduct." "Sexually explicit conduct" is defined by this statute as including genital to genital contact and lascivious exhibition of the genitals or pubic area of any person.  "Minor" is defined by this statute as any person under the age of eighteen years;

(3.)    I do not dispute that I possessed approximately 35,079 images and approximately 4,170 videos that portrayed child pornography.   Some of these depicted bestiality and sadistic images, and prepubescent children or children under the age of 12.

(4.)    I admit that I received these images via the internet, which is a means or facility of interstate commerce, and that these events occurred in the federal Northern District of Indiana.

(c)    I understand that a violation of Title 18, United States Code, Section 2252(a)(2), as alleged in Count 1 of the Indictment carries a mandatory minimum term of 5 years and a maximum 20 years imprisonment; a term of supervised release of not less than 5 years and up to life; a maximum fine of $250,000 and a mandatory special assessment of $100.00. I also agree to an order to pay $5,000 restitution to each identified victim of the child pornography that I received and or possessed, up to a maximum of $50,000;

(d)    I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed.  I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. **With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or**

4

**my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.** I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

(e)    In further consideration for my plea of guilty to Count 1 of the Indictment, the government, pursuant to the Federal Rules of Criminal Procedure 11(c) agrees to make the following **non-binding** recommendations:

(1.)    The United States of America and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to the two-level reduction in offense level; the United States of America and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level; however, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility; should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility; I further understand the Court is not bound by this

5

recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of   responsibility;

(2.)    At the time of sentencing, the United States Attorney shall recommend that I be sentenced to a period of imprisonment at the bottom of the applicable guideline range, said guideline range to be determined by the Court;

(3.)    The above-mentioned agreements to recommend the maximum reduction in offense level for acceptance of responsibility and a sentence at the low end of the guideline range are **non binding** recommendations pursuant to Rule 11 (c). **The Court is not bound by these recommendations, and I AM NOT ENTITLED TO WITHDRAW MY GUILTY PLEA if the Court decides not to accept these recommendations**;

(f)    Pursuant to 18 U.S.C. § 2253(a) I further agree to forfeit to the United States all computers and related equipment used in commission of the offense.

(g)    The government agrees to dismiss Count 2 of the Indictment when I am sentenced on Count 1.

(h)    Other than what is contained in this plea agreement, no predictions, promises or representations have been made to me as to the specific sentence that will be imposed.

10.    I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11.    I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

6

12.    I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13.    I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.


 s/ Brendan R. Eiler
Brendan R. Eiler
Defendant


 s/ Peter L. Boyles
Peter L. Boyles
Attorney for Defendant

APPROVED:

        THOMAS L. KIRSCH II
        UNITED STATES ATTORNEY


By:    s/ John M. Maciejczyk
        John M. Maciejczyk
        Assistant United States Attorney

7