UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 3:17-CR-00065-JED |
| ) | |
| BRENDAN R. EILER ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America by Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, through John Maciejczyk, Assistant United States Attorney, and submits the following memorandum in preparation for the sentencing hearing in this case.

1. The Final Presentence Report ("PSR"), dated January 11, 2018, R. 38, was not objected to by either party. R. 39.

2. The PSR calculates a guideline range for this defendant of 97 to 121 months. PSR ¶ 66. The fine range is for this offense is from $30,000 to $250,000. ¶ 75. The defendant does not have the ability to pay a fine. ¶ 64. He is also subject to the Justice for Victims of Trafficking Act of 2015 ("JVTA"), which imposes a mandatory $5,000 fine on any non-indigent person convicted of this type of offense. ¶ 74. He is required to pay a $100 mandatory special assessment. ¶ 73. Supervised release upon completion of

the sentence of confinement is from 5 years to life. ¶ 69.

    3.    Restitution is mandatory. ¶ 75. The Plea Agreement called for the defendant to pay "$5,000 restitution to each identified victim of the child pornography that I received and or possessed as described above, up to a maximum of $50,000." Plea, ¶ 9(c). Delays in receiving the Victim Identification Report from the National Center for Missing and Exploited Children have resulted in delays notifying and obtaining requests for restitution. A number of requests have now been received and the government anticipates filing a separate pleading regarding restitution soon.

    4.    The government agreed to recommend a sentence at the low end of the guideline range. Plea, ¶ 9(e)(2). As detailed below, the government recommends a sentence of 97 months, to be followed by 5 years supervised release, no fine, restitution to victims as will be established as stated above, no JVTA fine, and a $100 special assessment.

    5.    The United States Sentencing Commission Sourcebook for 2017 states that in 2017, a total of 1,809 child pornography offenders were sentenced. 2017 Sourcebook, Table 27A. The mean sentence for these offenders was 147 months, and the median (average) sentence was 97 months. *Id.* Table 13. Of these, 525 (29 %) received in-range sentences and 7 (2.5%) received above guideline sentences. The remaining 1,277 (68.5%)

2

received below guideline sentences. Of these below guideline sentences, the median departure in months is broken down according to (a) government sponsored below range cases (N=426): 55 months departure, 40% reduction, 70 month average sentence, *id.* Table 31; (b) downward departures from guideline range (N = 26), 34 months departure, 35.1% reduction, 63 month median sentence, *id.* Table 31A; (c) downward departure with Booker/§ 3553 (N= 15), 51 month departure, 42.9 percent reduction, 60 month average sentence, *id.* Table 31(B); below guideline range with Booker/§ 3553 (N = 701), 51 month departure, 46.6 percent reduction, 72 month median sentence, *id.* Table 31(C); (d) all remaining below guideline range cases (N = 11), 60 month departure, 26.9% reduction, 180 month average sentence. *Id.* Table 31(D).

6. Attachment A is a table which shows the mean and median sentences for all child pornography offenders, the percentages of above, within, and below range sentences, and the median sentence and months decrease from 2008 to 2017. The table shows that about a third of sentences are within the guideline range, and two thirds below. However, the mean and median for all sentences have actually increased since 2008.

7.     Unfortunately, these statistics do not have an overall average sentencing comparison to the guideline range for above, within, and below range sentences. With approximately 1/3 of offenders receiving in range sentences, and 2/3 of offenders receiving reduced sentences, without a statistician, the government can only estimate loosely that the typical child pornography offender receives a sentence between 20 to 30 percent below the guideline range currently. However, these statistics also do not break the sentences down by offense of production, distribution, receipt and possession. Presumably, the guideline sentences which constitute 1/3 of child pornography sentences would be assessed in the more serious cases involving production and distribution, and the below guideline sentences would be generally assessed in receipt and possession cases.

8. A sentence that is 25% below the bottom of the guideline in this case would result in a sentence of 73 months, which is above the mandatory minimum sentence of 60 months.

### 18 U.S.C. § 3553(a) Factors

Factors to be considered include:

>     (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>         (2) the need for the sentence imposed—
>             (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

4

offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
(5) any pertinent policy statement—
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Of these factors, the most pertinent appear to be the following:

- The *history and characteristics of the defendant* are on the whole mitigating. He has no criminal history. ¶ 33-34. He cooperated with investigators when they executed a search warrant at his house. ¶ 11.

- The *need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and to afford adequate deterrence to criminal conduct*. These factors in most cases are served by a guideline sentence.

- The *need to avoid unwarranted sentence disparities among*

5

*defendants with similar records who have been found guilty of similar conduct.* Given the national practice of awarding below guideline sentences in this type of case, a 25% below guideline sentence, or 73 months, although not recommended, would serve this goal.

### U.S.S.C. 2012 Report Recommendations

The 2012 U.S.S.C. Report on Federal Child Pornography Offenses, which reviewed and recommended changes to the child pornography guidelines suggested the following factors be considered in imposing sentences in §2G2.2 cases:

> 1) the content of an offender's child pornography collection and the nature of an offender's collecting behavior (in terms of volume, the types of sexual conduct depicted in the images, the ages of the victims depicted, and the extent to which an offender has organized, maintained, and protected his collection over time, including through the use of sophisticated technology);
> 2) the degree of an offender's engagement with other offenders — in particular, in an Internet "community" devoted to child pornography and child sexual exploitation; and
> 3) whether an offender has a history of engaging in sexually abusive, exploitative, or predatory conduct in addition to his child pornography offense.

Report at 320.

Of these factors, the content of the defendant's collection, consisting of over 35,079 images and 4,170 videos depicting child pornography, is extremely large for today. Also, the content of the collection is aggravating, in that some depicted bestiality involving children and sadistic images involving children and prepubescent children or children under the age of 12. Further, the defendant stated that he had been downloading child pornography for "a few years." PSR ¶ 11. Aside from his long term involvement with child pornography, there is no indication that factors 2 and 3 above apply.

## Victim Impact

The government will be filing, under seal, 35 victim impact statements. R. 39, 40. These statements describe in heartbreaking detail the lasting and continuing impact that the circulation of child pornography has on the victims. A recent article published in the Journal of Child Abuse & Neglect reports on the lasting impact of child pornography in a study of 133 adult survivors. Gerwirtz-Meyden, Walsh, Wolak, Finkelhor, *The Complex Experience of Child Pornography Survivors*, 80 Child Abuse & Neglect 238-248 (April, 2014). The common themes discovered by the study were:

- Feelings of guilt and shame that the images are being circulated;
- Feelings that someone would think that they were willing participants;

7

- Concern of being recognized in public;

- Concern of being recognized by friends or acquaintances;

- Refusing to be photographed by family or friends;

Id. at 242. Many reported that "they live in constant fear their images will surface and will be viewed by people they know, their family, or their children. Fears of the images and films circulating impacted their ability to continue with their lives or to let go of the past. Many survivors were triggered daily by the fear of being recognized or exposed." *Id.* at 244. Many survivors also felt "haunted" by the circulation of the images:

> Experiencing CP seems to encompass two stages of victimization. One, from a legal point of view, when the abuse is perpetrated and recorded and one from a psychological point of view, implying the ongoing vulnerability of survivors and the unknown aspect regarding the circulation of the images. Participants discussed the life-long vulnerability as a result of the images. According to them, while the abuse per se ended, the images will forever be out there, and they felt as if they were haunted by them. Even years after the crime, survivors were worried that the images might be seen by other people or family members, that they would be recognized, or that the images would be used by sex offenders for masturbation or to entice other children into abusive situations. For many respondents, the images were a concrete reminder of their victimization that could reveal their past, or be used for criminal purposes without warning to them and outside of their control.

Id. at 246. Other studies also support the conclusions of the Gerwirtz-Meyden study. See, e.g., Canadian Centre for Child Protection (2017).

8

*Survivor's survey*. Retrieved from https://www.protectchildren.ca/pdfs/C3P_Survivors SurveyExecutiveSummary2017_en.pdf; Martin, J. (2014). *"It's just an image, right?": Practitioners' understanding of child sexual abuse images online and effects on victims*. Child & Youth Services, 35, 96–115. http://dx.doi.org/10.1080/0145935X.2014.924334.

## Conclusion

Based on the above, the government requests that the defendant be sentenced to a sentence at the low end of the guideline range, or 97 months, that due to his indigency, no fine or JVTA assessment under 18 U.S.C. § 3014(a) should be imposed, that he receive 5 years supervised release, and pay restitution to the victims as yet to be established, and a $100 special assessment.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

BY:   /s/ John Maciejczyk
      John Maciejczyk
      Assistant United States Attorney
      M01 Robert A. Grant Federal Bldg.
      204 S. Main Street
      South Bend, Indiana  46601
      Tel:   (574) 236-8287
      Fax:   (574) 236-8155
      E-mail:  John.Maciejczyk@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and electronically served a copy thereby on counsel for defendant.

 s/ Morgan Talos
United States Attorney's Office
204 S. Main Street, Room M01
South Bend, IN 46601
(574) 236-8287